# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50330
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY ORLANDO CABRERA, also known as Rudy Cabrera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-1631-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rudy Orlando Cabrera appeals his sentence to 57 months of imprisonment and three years of supervised release following his guilty-plea conviction for illegal reentry. He contends that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(2) is unconstitutional because the fact of a prior conviction must be charged and proved to a jury beyond a reasonable doubt. While Cabrera acknowledges this argument is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50330

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.

The Supreme Court held in *Almendarez-Torres* that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found beyond a reasonable doubt by a jury. 523 U.S. at 239-47. This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Thus, Cabrera is correct that his argument is foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is accordingly GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.